**NOT FOR PUBLICATION**


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMAS AYALA-PONCE; ANGELICA AYALA MONTESINO; AMADOR AYALA MONTESINO, | No. 08-71330 |
| Petitioners, | Agency Nos. A095-175-416 |
| | A095-175-417 |
| v. | A095-175-418 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| TOMAS AYALA-PONCE, | No. 09-72132 |
| Petitioner, | Agency No. A095-175-416 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted August 10, 2010[]

Before:      LEAVY, HAWKINS, and IKUTA, Circuit Judges.

In these consolidated petitions for review, Tomas Ayala-Ponce, Angelica Ayala Montesino, and Amador Ayala Montesino, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") orders denying their motions to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny both petitions for review.

In the opening brief, petitioners fail to address, and thereby waive any challenge to, the BIA's order denying their second motion to reopen. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not abuse its discretion by denying Ayala-Ponce's third motion to reopen. Ayala-Ponce failed to establish that his former counsel did not perform with sufficient competence during proceedings because Ayala-Ponce did not become eligible to adjust his status until after the deadline for filing a motion to

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen had expired.  *See Mohammed*, 40 F.3d at 793 (petitioner must demonstrate first that counsel failed to perform with sufficient competence, and, second, that he was prejudiced by counsel's performance).  It follows that Ayala-Ponce's due process claim fails.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to establish due process claim).

**PETITIONS FOR REVIEW DENIED.**